## Munafo License

*Anthony A. Lawrence,* for appellant.
*Romwald Kenowski,* for Commonwealth.

HOBAN, P. J., January 18, 1961.—This is an appeal from suspension of motor vehicle operating privileges. It was heard de novo before Hoban, P. J., and Eagen, J., now Mr. Justice Eagen of the Pennsylvania Supreme Court. For some reason, the case was returned to the files without decision at the time, and the parties have now requested decision and have filed briefs.

We find the following facts:

1. Prior to October 2, 1958, appellant's motor vehicle operator's license was suspended for a period of six months for a violation of the speed provisions of the motor vehicle laws while operating on the Pennsylvania Turnpike. The suspension was still in effect on October 2, 1958.

2. On October 2, 1958, appellant, while in the vicinity of his home, was called by his mother who told him that her husband, appellant's father, had suffered a fainting spell. Appellant's father had been the victim of a similar spell a week before the said date.

3. Appellant, believing that the situation was an emergency, placed his father in his automobile and proceeded to drive him to his doctor's office, a distance of approximately three blocks from appellant's home.

4. At a point about three quarters of a block away from the doctor's office, appellant was stopped by a member of the Pennsylvania State Police and placed under arrest for driving an automobile while his operator's privileges were suspended.

5. Subsequently, appellant was indicted for the misdemeanor of operating a motor vehicle while un-

der suspension, pleaded guilty to the same before Judge Eagen, a fine was imposed therefor and appellant paid the fine.

6. Thereafter, upon receiving a report of the conviction as aforesaid, the Secretary of Revenue further suspended the appellant's operating privileges for a period of one year. This suspension was made without hearing but under the provisions of section 615 of The Vehicle Code of May 1, 1929, as amended. Appellant now appeals from this suspension.

## Discussion

There is no question that appellant committed a technical violation of The Vehicle Code in operating his motor vehicle while under suspension, a fact which he admitted. There is, further, no question that the secretary under the provisions of section 615 had a right to suspend the operating privileges without hearing, upon the record of a conviction of a misdemeanor; and there is no question that the code at the time made the operation of a motor vehicle while under suspension a misdemeanor.

Appellant in this case raises two questions:

1. Does the suspension work an injustice to this appellant because of the fact that he operated in an emergency which, rightly or wrongly, he conceived to be of such a nature that immediate action was demanded and that he could not wait to secure a driver for his automobile, there being none available at the time, nor could he wait to procure other means of transportation? and

2. Was the suspension for one year equivalent to revocation and, therefore, for a period not contemplated by the legislature in setting up The Vehicle Code?

In the view we take of the merits of the case, the emergency action of this appellant was a justifiable one. One would hardly think that a son faced with

such a situation could do anything less for an ailing father. We think it would be an injustice to impose the further drastic suspension for an additional year on this appellant when he simply acted in a most natural response to the situation facing his father. Incidentally, although not of record in this case, we are informed that a few weeks after the incident of October 2, 1958, appellant's father died, presumably from the condition which manifested itself in the recent fainting spells he had suffered.

A somewhat similar situation appears in Commonwealth v. Baker, 39 D. & C. 294, a case arising in Westmoreland County, in which Judge Laird held that the secretary before suspension ought to have inquired into the merits of the situation, and justified the emergent action of the driver in that case on the ground of necessity.

Since we hear the case de novo, we are of the opinion that the court has a similar duty and, under the circumstances of this case, we believe the additional suspension would work a serious injustice to this appellant.

Accordingly, we hold that the operating privileges of this appellant are not subject to suspension for the additional period of one year as imposed by the Secretary of Revenue.

In view of our holding, we do not decide the other question posed by this appeal.

In a case occurring in this county, Kelleher Appeal, 56 Lack. Jur. 149, we expressed the opinion that, under the law as it then stood, suspension for a period of one year amounted to revocation and that, since the legislature had provided that, in certain situations, revocation for a period of one year was mandatory, the legislature did not contemplate that in other cases submitted to the discretion of the secretary he

was entitled to suspend for a period which, in fact, would amount to revocation.

Whether or not the decision in the Kelleher case would be followed under The Vehicle Code of April 29, 1959, and the current policy of issuing operators' licenses for a period of two years rather than one year as formerly, we prefer not to consider until a definite situation confronts us.

The decision here is based solely on our belief that compassion compelled this appellant to act as he did, and that he should not be further penalized by exclusion for an additional year from his basic work as a professional truck driver.

### Order

Now, January 18, 1961, the appeal of Frank Munafo from an order of the Bureau of Highway Safety of the Department of Revenue of the Commonwealth of Pennsylvania directing suspension of his license for a period of one year is sustained, and the Secretary of Revenue is directed to restore appellant's operating privileges at the expiration of his first period of suspension for a prior violation of The Vehicle Code of April 29, 1959.